IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL TOLIVER JORDAN § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | |
| § | NO. 3-07-CV-0119-M | |
| NATHANIEL QUARTERMAN, Director § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division § | | |
| § | | |
| Respondent. § | | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Toliver Jordan, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be summarily dismissed for lack of subject matter jurisdiction.

I.

In August 1989, petitioner was indicted by a Denton County grand jury for theft of property. The next month, he was indicted by a Dallas County grand jury for another theft. Petitioner was subsequently convicted of both offenses. Punishment was assessed at 30 years confinement in the Denton County case and 10 years confinement in the Dallas County case. On or about June 7, 1995, petitioner was released from TDCJ custody to mandatory supervision. While on release, petitioner was charged with theft and possession of marijuana. Parole officials issued a pre-revocation warrant in May 2001 and petitioner was taken into custody pending his trial on the new charges. Thereafter, petitioner was convicted of both offenses. On October 23, 2001, his supervised release was revoked and petitioner was returned to TDCJ custody.

At some point during his incarceration, petitioner learned that TDCJ had determined that his 10-year sentence on the Dallas County theft conviction expired on February 7, 2005. Petitioner disputes that determination and believes that his sentence should have expired on September 14, 1999--10 years after the "sentence begin date." On October 15, 2006, petitioner filed an application for state post-conviction relief challenging the calculation of his sentence in the Dallas County theft case. The Texas Court of Criminal Appeals dismissed the application because petitioner was no longer in custody under that conviction. *Ex parte Jordan*, 51,736-08 (Tex. Crim. App. Nov. 22, 2006).[1] Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that the erroneous calculation of his sentence expiration date violates due process and constitutes double jeopardy. Before considering this claim on the merits, the court must determine whether petitioner is "in custody" under his Dallas County theft conviction.

III.

A federal court lacks subject matter jurisdiction to entertain a section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989) (citing cases). In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court discussed the "in custody" requirement for federal habeas jurisdiction. While recognizing that a prisoner need not be physically confined to be "in custody" for the purposes of section 2254, the Court noted:

---

[1] Petitioner is still serving his 30-year sentence on the Denton County theft conviction.

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, [the Court's] decision in *Carafas v. LaVallee*, [391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)], strongly implies the contrary. . . . [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.

*Id.*, 109 S.Ct. at 1925-26 (emphasis in original). *See also Hendrix*, 888 F.2d at 338 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254). According to TDCJ officials, petitioner fully discharged his 10-year sentence on the Dallas County theft conviction on February 7, 2005. (*See* Hab. Pet., Pickell Aff. at 1). Petitioner believes this sentence should have expired on September 14, 1999. (*Id.*, Attch. at 2). In either case, it is clear that petitioner was no longer "in custody" under that conviction when he filed his federal habeas petition on January 10, 2007. Consequently, this court lacks subject matter jurisdiction over this action.

## RECOMMENDATION

It plainly appears from the face of the pleadings that petitioner is not "in custody" under the conviction and sentence he seeks to attack. Accordingly, his application for writ of habeas corpus should be summarily dismissed for lack of subject matter jurisdiction. *See* RULES GOVERNING SECTION 2254 CASES, Rule 4.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 20, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE